## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**Maurice Lynum,**

      **Plaintiff,**

                              **Case No. 14-13270**

**v.**                                  **Hon. Denise Page Hood**

**L. Books Patterson,** *et al*.

      **Defendants.**

_____/

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS
## (Docket No. 7)

      This matter is before the Court on Defendants' Motion to Dismiss [Docket No. 7, filed September 25, 2014]. Plaintiff did not respond to the Motion. For the reasons stated below, the Court **GRANTS** the Motion.

## I.      BACKGROUND

      From February 10, 2014 to July 2, 2014 Plaintiff Maurice Lynum ("Lynum") was incarcerated at the Oakland County Jail. The Court is unclear of the exact date, but Plaintiff alleges that during a classification procedure, Plaintiff exchanged words with a staff member of the jail regarding inmates talking during the procedure. Following this exchange, three unidentified sheriff's deputies allegedly approached Lynum's cell and ordered him out. While speaking, the second unidentified deputy reached or grabbed the lunch bag Lynum was holding.

The deputies allegedly forcibly grabbed Lynum, he told them he suffered from multiple sclerosis, but the sheriff's deputies allegedly ordered Lynum to "[s]top moving, or [they were] going to taze [his] ass."  During the physical encounter, Lynum says he complained that he could not breathe and further alleges sheriff's deputy John Doe 1 struck him.

Plaintiff filed a grievance on February 20, 2014, but the report came back that "nothing substantiates a claim that [Plaintiff was] assaulted, nor that [he has] been a victim of foul play."  Plaintiff also filed a health service request on March 17, 2014, but was told the following day that he did not qualify for a double mattress.  A "Physician's Order Sheet" completed on January 30, 2014, indicates that Plaintiff has multiple sclerosis.

On August 22, 2014, Plaintiff filed suit alleging civil rights violations pursuant to the Civil Rights Act of 1871, 42U.S.C. 1983, 42 U.S.C. 1985, Section 504 of the Rehabilitation Act of 1973, Title 2 of the Americans with Disabilities Act of 1990, the U.S. Constitution's First, Fourth, and Fourteenth Amendments, and the laws and constitution of Michigan.

Plaintiff makes the following allegations against the Defendants. Defendant L. Brooks Patterson is the Oakland County Executive.  Plaintiff alleges Patterson manages the resources and personnel of Oakland County in a discriminatory and racist manner against "Afro-American citizens."  Defendant Michael Bouchard is

the Oakland County Sheriff and Plaintiff alleges he executes directives to discriminate against "Afro-American citizens" in Oakland County.  Defendant Jessica Cooper is the Oakland County prosecutor, and Plaintiff alleges she prosecutes "Afro-American citizens" in higher numbers with longer sentences. The sheriff deputies John Doe 1, John Doe 2, and John Doe 3 were agents of the above named Defendants.  Plaintiff seeks actual, exemplary, and punitive damages against the Defendants.

Plaintiff alleges the following counts:

- Count One: Excessive Force – Deprivation of rights under the Fourth and Fourteenth Amendments to the Constitution, and 42 U.S.C. 1983 and 1985.

- Count Two: Denial of Medical Care

- Count Three: Deprivation of Free Speech and Expression

- Count Four: Municipal Liable for Constitutional Violations

Plaintiff claims that the sheriff's deputies used unjustified and excessive force with the knowledge that Plaintiff suffers from multiple sclerosis. As a result, Plaintiff was injured and suffered physical and emotional pain.  Plaintiff also claims that the staff of Oakland County Jail denied Plaintiff the accommodation of a mattress suitable for an individual suffering from multiple sclerosis, as well as his medications and therapeutic space despite having knowledge of his illness.

Plaintiff alleges that the sheriff's deputies acted in retaliation to his protected speech, but does not indicate what the speech was. Plaintiff claims that Defendants Patterson and Bouchard created a policy to prohibit inmates from free speech and used force and punishment of solitary confinement to suppress freedom of speech at the Oakland County Jail.

Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) **[Docket No. 7, filed September 25, 2014]**. Defendants argue: (1) The Oakland County jail is not a legal entity subject to suit; (2) Plaintiff fails to state a state claim against Patterson, Bouchard, or Cooper in their individual capacities; (3) To the extent Plaintiff's claims against Patterson, Bouchard, and Cooper, are in their official capacities, these claims fail under *Monell*. Plaintiff failed to respond.

## II.    STANDARD OF REVIEW

In general, a complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ...claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, as a result of *Twombly*, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

2:14-cv-13270-DPH-PJK   Doc # 11   Filed 10/07/15   Pg 5 of 10   Pg ID 60

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When a complaint is challenged under Rule 12(b)(6), a court must construe the complaint "in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief*." Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Although the court primarily considers the allegations in the complaint, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir.2001).

Dismissal under Rule 12(b)(6) is warranted "only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief." *Zaluski v. United Am. Healthcare Corp.*, 527 F.3d 564, 570 (6th Cir. 2008).

## III.   ANALYSIS

First, Defendants argue, that the Oakland County Jail is not a legal entity subject to suit.  In previous Sixth Circuit cases, judges have dismissed civil rights complaints where a non-legal entity was named as a defendant, such as a jail *Pegross v. Wayne Cnty. Jail*, No. 07-12839, 2008 WL 6722771, at *3 (E.D. Mich. May 22, 2008) (citing *Petty v. County of Franklin, Ohio,* 478 F.3d 341, 347 (6th

Cir.2007); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994); *Miller v. Dowagiac Police Dept.,* 125 F.3d 855, 1997 WL 640127, at *3 (6th Cir. Oct.14, 1997)).  In other instances, however, "the courts have construed the allegations to be against the appropriate entity" (*Id.* (citing *Dean v. Landrum,* 221 F.3d 1334, 2000 WL 922862, at *1 (6th Cir. Jun.27, 2000); *Cooper v. Shelby County Justice Center,* 221 F.3d 1334, 2000 WL 924604, at *1 (6th Cir. Jun.26, 2000))).  Pro se litigant's submissions are to be construed liberally. *Middleton v. McGinnis*, 860 F.Supp. 391, 392 (E.D.Mich.1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).  As such, the Court construes the allegations to be against Oakland County. Even construing the complaint against Oakland County, Plaintiff's claims still fail.

Second, Plaintiff fails to state a claim against Defendants Patterson, Bouchard, and Cooper in their individual capacities. Government officials, titles notwithstanding, are only liable for their own misconduct. *Iqbal*, 556 U.S. at 677; See also, *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596 (6th Cir 2012). Claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right. *Lanman v. Hinson*, 529 F.3d 673, 684 (6th cir. 2008).

Although Plaintiff names Patterson, Bouchard, and Cooper in their individual capacities, he fails to state any facts to support any claims against them. The factual underpinnings of Plaintiff's complaint center on the conduct of the three John Doe sheriff's deputies.  As such, Defendants Patterson, Bouachard, and Cooper are dismissed in their individual capacities. See, *Frazier v. Michigan*, 41 F.App'x 762, 764 (6th Cir. 2002)(affirming dismissal where the plaintiff "failed to allege with any degree of specificity which of the named defendants were personally involved in or responsible for each of the alleged violations of his federal rights").

Third, Plaintiff's claims against Defendants Patterson, Bouchard, and Cooper in their official capacity fail pursuant to *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  In *Monell*, the Supreme Court explained that municipal liability under § 1983 may only attach where the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of.  To obtain relief on this claim, Plaintiff must prove two basic elements: (1) that a constitutional violation occurred; and (2) that the Defendants, in their official capacities are "responsible for that violation" *Doe v. Claiborne Cty.*, 103 F.3d 495, 505-06 (6th Cir. 1996).  This Court need not first decide whether Plaintiff suffered a deprivation of his constitutional rights because even

assuming that a constitutional violation occurred, the Defendants cannot be held liable for it.

To assert a § 1983 claim on the basis of a municipal custom or policy, Plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy" (*Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993). However, "inferring a municipal-wide policy based solely on one instance of potential misconduct runs dangerously close to 'the collapsing of the municipal liability standard into a simple *respondeat superior* standard.'" *Morrison v. Bd. of Trs. of Green Twp.*, 529 F. Supp. 2d 807, 825 (S.D. Ohio 2007) *citing Thomas v. City of Chattanooga*, 398 F.3d 426, 432-33 (6th Cir. 2005).

 In addition, Plaintiff must show "a direct causal link" between the policy and the alleged constitutional violation such that Oakland County's "deliberate conduct" can be deemed the "moving force" behind the violation (*Waters v. City of Morristown,* 242 F.3d 353, 362 (6th Cir. 2001) citing *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).  This showing is "necessary to avoid de facto *respondeat superior* liability explicitly prohibited by *Monell.*" *Doe*, 103 F.3d at 508.

In his complaint, Plaintiff appears to allege that Patterson , Bouachard, and Cooper operate their respective agencies in Oakland County in a discriminatory

and racist manner against "Afro-American citizens." After viewing the facts in the light most favorable to the Plaintiff, the Court finds that Lynum failed to point to any particular written policy, custom, or procedure that Oakland County has that could have led to the alleged claims. Plaintiff's factual allegations center around one incident involving three unnamed sheriff's deputies. Plaintiff fails to make a single factual assertion in support of his conclusory allegations that Oakland County operates in a discriminatory manner or that this alleged discriminatory behavior was the cause of the Lynum's interaction with the John Doe sheriff's deputies.  "[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Lynum fails to state a claim of municipal liability against Defendants Patterson, Bouchard and Cooper in their official capacities, accordingly, they are dismissed.

## IV.    CONCLUSION

**IT IS ORDERED** Defendants' motion to dismiss **[Docket No. 7, filed September 25, 2014]** is **GRANTED**.

**IT IS FURTHER ORDERED** that John Doe's 1- 3are **DISMISSED WITHOUT PREJUDICE** since the time to serve these Defendants has passed.

(See Fed. R. Civ. P. 4(m); *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 346 n.3

(6th Cir. 2007)).

> s/Denise Page Hood
> Denise Page Hood
> United States District Judge

Dated:  October 7, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of
record on October 7, 2015, by electronic and/or ordinary mail.

> s/LaShawn R. Saulsberry
> Case Manager